UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ederick Dillard, | Case No.: 2:24-cv-01996-JAD-EJY |
| Plaintiff | |
| v. | **Order Screening Complaint and Dismissing Action** |
| N. Perez, et al., | |
| Defendants | |

State prisoner Ederick Dillard brings this civil-rights action under 42 U.S.C. § 1983, claiming that his Fourth Amendment rights were violated when Las Vegas Metropolitan Police Department (LVMPD) officers failed to obtain a search warrant before using a wiretap to obtain probable cause to arrest him and racially profiled him in doing so.[1]  He seeks to have his state criminal conviction overturned and monetary damages.  Because Dillard applies to proceed *in forma pauperis*,[2] I screen his complaint under 28 U.S.C. § 1915A.  Having done so, I find that Dillard's claims are barred by the *Heck* doctrine.[3]  I therefore dismiss the claims without prejudice and without leave to amend.

**I.    Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[4]  In its review, the court must identify any cognizable claims and dismiss any claims that are

---

[1] ECF No. 1-1.

[2] ECF No. 1.

[3] Also called the favorable-termination rule, the *Heck* doctrine gets its name from *Heck v. Humphrey*, 512 U.S. 477 (1994).

[4] *See* 28 U.S.C. § 1915A(a).

frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[5] All or part of the complaint may be dismissed sua sponte if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[6]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[7] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[8] Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers,[9] but a plaintiff must provide more than mere labels and conclusions.[10] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[11] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

---

[5] *See* 28 U.S.C. § 1915A(b)(1)(2).

[6] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[7] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[8] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[9] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[10] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[12] *Id*.

## II. Screening the complaint

### A. Dillard's factual allegations

Dillard alleges that LVMPD Vice Unit and Detectives Perez and Fox used unauthorized communications to get probable cause to arrest him. The defendants obtained the evidence using a wiretap to listen to Dillard's communications. But the defendants did not get a warrant from a judge before installing the wiretap. They were also engaging in racial profiling when they investigated and arrested Dillard.

Based on these allegations, Dillard sues N. Perez, Jordan Fox, and LVMPD. He seeks "dismissal of conviction in state case #C-22-365302 (Nevada)" and monetary damages.[13] I liberally construe the complaint as bringing claims under the Fourth Amendment about unreasonable search and seizure and false arrest and imprisonment.

### B. State prisoners are limited in the remedies they can seek from federal court.

"Persons subject to state custody generally have two potential avenues to remedy violations of their federal constitutional rights: a habeas petition under 28 U.S.C. § 2254 and a civil suit under 42 U.S.C. § 1983."[14] In *Preiser v. Rodriguez*, the United States Supreme Court "held that § 1983 implicitly excludes from its coverage claims that lie 'within the core of habeas corpus[.]'"[15] "Thus, a person who is in state custody may not use § 1983 to challenge 'the very fact or duration of confinement' by seeking 'a determination that he is entitled to immediate release or a speedier release from that imprisonment'—for example, an injunction requiring prison officials to grant good-time credits that would shorten his prison term."[16]

---

[13] ECF No. 1-1 at 5.

[14] *Thornton v. Brown*, 757 F.3d 834, 840 (9th Cir. 2013) (cleaned up).

[15] *Id.* (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973)).

[16] *Id.* at 841 (cleaned up) (quoting *Preiser*, 411 U.S. at 499–500).

3

In *Heck v. Humphries*, the Supreme Court "elaborated on the exception set forth in *Preiser*, holding that a state prisoner may not maintain a § 1983 claim for damages if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence' with respect to a prior judgment that has not been nullified previously."[17] Known as the *Heck* doctrine, this exception to § 1983 coverage means "a claim that meets the statutory criteria of § 1983 may be asserted unless its success would release the claimant from confinement or shorten its duration, or would necessarily imply the invalidity of the conviction or sentence[.]"[18] Thus, "a prisoner may challenge the 'fact' or 'duration' of imprisonment only through a habeas proceeding, but may challenge 'conditions' of confinement in an action under § 1983."[19] Or as the Supreme Court explained in *Wilkinson v. Dotson*, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."[20]

### C. Dillard can't bring a federal § 1983 claim under these circumstances.

On December 28, 2022, Dillard was sentenced to an aggregate minimum 48 months or a maximum aggregate of 180 months after he was convicted by a jury of one count of sex trafficking and two counts of pandering in the Eighth Judicial District Court for Clark County,

---

[17] *Id.* (quoting *Heck*, 512 U.S. at 484, 487).
[18] *Id.* (cleaned up) (citing *Preiser*, 411 U.S. at 500; and *Heck*, 512 U.S. at 487).
[19] *Id.* at 842.
[20] *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

4

Nevada.[21] Dillard initiated this action from Southern Desert Correctional Center. Dillard contends that his convictions are unlawful because the evidence used against him was not obtained with a search warrant and the police used racial profiling. He asks the court to overturn his convictions and for monetary damages. According to the Nevada Department of Corrections inmate database, Dillard is currently incarcerated at Southern Desert Correctional Center and actively serving aggregated sentences for his pandering and sex-trafficking convictions.[22]

Because Dillard's claims challenge the fact of his criminal convictions and necessarily imply the invalidity of those convictions for which he is presently incarcerated, they are barred by the *Heck* doctrine. Dillard's monetary claims challenging his convictions are not cognizable under § 1983 absent proof that those convictions "have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"[23] And Dillard cannot pursue habeas claims in this civil-rights action but must instead file a petition for writ of habeas corpus in the appropriate court.

## Conclusion

IT IS THEREFORE ORDERED that the complaint **(ECF No. 1-1) is DISMISSED** without prejudice and without leave to amend in this action because the plaintiff's claims are barred by the *Heck* doctrine. The Clerk of the Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**. If the plaintiff wishes to pursue his claims as a habeas

---

[21] Dillard's criminal case is styled *State of Nevada v. Dillard*, Case No. C-22-365302-1. I take judicial notice of the online docket records in the state district court, which may be accessed by the public online at: https://www.clarkcountycourts.us.

[22] I take judicial notice of the NDOC's online inmate records, which may be accessed by the public online at: https://ofdsearch.doc.nv.gov/.

[23] *See Heck*, 512 U.S. at 486–87 (cleaned up).

action, he must file a petition for writ of habeas corpus in a new action and in the appropriate court. The Clerk of the Court is further directed to **SEND** plaintiff Ederick Dillard copies of an application to proceed *in forma pauperis* for an inmate, a blank 28 U.S.C. § 2254 habeas corpus form, and instructions for each form.

IT IS FURTHER ORDERED that the plaintiff's application to proceed *in forma pauperis* **(ECF No. 1) is DENIED** as moot.

IT IS CERTIFIED that any *in forma pauperis* appeal from this order would not be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

Dated: December 9, 2024

_____
U.S. District Judge